OPINION
Appellant Billy Joe Brown is appealing the decision of the Stark County Court of Common Pleas that denied his petition for post-conviction relief. The facts giving rise to this appeal are as follows.
The Stark County Grand Jury indicted appellant on one count of aggravated murder. Appellant stabbed his wife to death in front of their three children. Appellant entered a plea of not guilty and this matter proceeded to trial. Following deliberations, the jury found appellant guilty as charged in the indictment. The trial court sentenced appellant to life imprisonment.
Appellant filed a direct appeal to this Court raising four assignments of error. We affirmed appellant's conviction.[1]
In 1987, appellant filed his first petition for post-conviction relief. The trial court sustained the State's motion for summary judgment and dismissed appellant's petition. Appellant again appealed to this Court. We affirmed the trial court's grant of summary judgment on the State's behalf. Appellant filed an appeal to the Ohio Supreme Court which the Court sua sponte
dismissed. [2]
Appellant subsequently filed this second petition for post-conviction relief on September 17, 1997. In this petition, appellant contends he was denied due process because the assistant prosecutor lied at trial, witnesses lied at trial and the remaining evidence of appellant's guilt was against the manifest weight of the evidence. On October 6, 1997, the trial court dismissed appellant's second petition for post-conviction relief on the basis that it was untimely filed and barred by the doctrine of res judicata.
Appellant timely filed a notice of appeal with this Court and sets forth the following five assignments of error for our consideration:
 I. THE TRIAL COURT ERRED IN RELYING ON RES JUDICATA TO DISPOSE OF APPELLANT'S PETITION WITHOUT A HEARING WHEN APPELLANT PRESENTED AFFIDAVITS WITH ASSERTIONS WHICH UTTERLY DISPROVE THE CONVICTION AND SHOWS THE APPELLANT IS ENTITLED TO RELIEF. APPELLANT WAS THEREBY PREJUDICED BY THE TRIAL COURT.
 II. THE TRIAL COURT ERRED IN NOT CONSIDERING A NEW ISSUE OF MARK E. BROWN'S RECANTED AND RETRACTED TRIAL TESTIMONY. APPELLANT WAS PREJUDICED THEREBY.
 III. THE TRIAL COURT ERRED IN NOT CONSIDERING MARLA K. MORGAN'S TESTIMONY OF AUG. 28, 1997. THIS IS A NEW ISSUE OUTSIDE THE RECORD NOT PRESENTED AT TRIAL. THIS ISSUE SHOWS THAT DANIEL J. BROWN'S TESTIMONY IS NOT RELIABLE. APPELLANT WAS PREJUDICED THEREBY.
 IV. THE TRIAL COURT ERRED IN OVERRULING THE APPELLANT'S ISSUE OF MISDIRECTION OF ISSUES OF THE COTTON CASE TO THE JURY BY THE PROSECUTOR. THE JURY NEVER HEARD OF THE COTTON CASE, DID NOT KNOW THE LAW, AND WERE MISLEAD.
 V. THE TRIAL COURT ERRED IN NOT OPPOINTING (SIC) COUNSEL FOR APPELLANT. THIS PREJUDICED DEFENDANT-APPELLANT.
 I
Appellant contends, in his first assignment of error, that the trial court erred when it dismissed his petition for post-conviction relief. We disagree.
Pursuant to S.B. No. 4, Section 3, R.C. 2953.21(A)(2) provides for a one hundred eighty day time period in which to file a petition for post-conviction relief. Prior to this amendment, a petition for post-conviction relief could be filed "any time" after conviction. S.B. No. 4, Section 3 contained a provision for extending the time limit for filing petitions for defendants convicted prior to September 21, 1995:
 A person who seeks post-conviction relief pursuant to sections 2953.21 through 2953.23 of the Revised Code with respect to a case in which sentence was imposed prior to the effective date of this act or to an adjudication as a delinquent child and order of disposition issued prior to the effective date of this act shall file a petition within the time required in division (A)(2) of section 2953.21 of the Revised Code, as amended by this act, or within one year from the effective date of this act, whichever is later.
Appellant was convicted prior to the effective date of Section 3. Therefore, appellant had until September 21, 1996 to file his petition for post-conviction relief. It is undisputed that appellant filed his petition on September 17, 1997, well beyond the permitted extension date. Based upon Section 3 of S.B. No. 4, we find the trial court properly dismissed appellant's petition for post-conviction relief as untimely.
The trial court also dismissed appellant's petition pursuant to the doctrine of res judicata. In State v. Perry (1967),10 Ohio St.2d 175, paragraph nine of the syllabus, the Ohio Supreme Court found the doctrine of res judicata applicable to R.C.2953.21 proceedings.
 Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defenses or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.
Appellant claims, in support of his petition for post-conviction relief, that he was denied due process because the assistant prosecutor lied at trial, witnesses lied at trial and the remaining evidence of his guilt was against the manifest weight of the evidence. These arguments could have been raised on direct appeal to this Court. Therefore, we find the trial court did not err when it determined that appellant's petition for post-conviction relief was barred by the doctrine of res judicata.
Appellant's first assignment of error is overruled. We will not address appellant's remaining assignments of error as assignments of error two through five raise issues appellant set forth in his untimely petition for post-conviction relief.
For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
By: Wise, J., Farmer, P. J., and Reader, J., concur.
[1] State v. Brown (Oct. 4, 1983), Stark App. No. CA-6124, unreported.
[2] State v. Brown (1988), 38 Ohio St.3d 701.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.